| | |
|---|---|
| 1 | T. Omar Malone, (*pro hac vice*) |
| | omalone@teinmalone.com |
| 2 | TEIN MALONE, PLLC |
| | 7741 SW 95 Terrace |
| 3 | Miami, Florida 33156 |
| | (305) 442-1101 |
| 4 | *Attorneys for Yury Gampel* |
| 5 | |
| | Jared E. Dwyer (*pro hac vice*) |
| 6 | jdwyer@gtlaw.com |
| | GREENBERG TRAURIG, P.A. |
| 7 | 333 S.E. 2d Avenue |
| | Miami, FL 33131 |
| 8 | (305) 579-0500 |
| | *Attorneys for all Corporate Defendants* |

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America *ex rel.* Radhakrishan, et al., | Case No. 2:20-cv-00176-GMS **LEAD CASE** |
| Plaintiffs, | Consolidated with: |
| v. | No. CV-21-00010-PHX-SPL |
| Yury Gampel, et al., | No. CV-21-01206-PHX-GMS |
| Defendants. | |
| United States *ex rel.* Terry, et al., | **MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY IN ADVANCE OF RULE THE 26(f) CONFERENCE AND MEMORANDUM IN SUPPORT** |
| Plaintiffs, | |
| v. | |
| Modern Vascular of Glendale, LLC, et al., | |
| Defendants. | |
| United States *ex rel.* Katherine Diggins, et al., | |
| Plaintiffs, | |
| v. | |
| Modern Vascular LLC, et al., | |
| Defendants. | |

All Defendants in these consolidated cases respectfully seek leave to conduct limited discovery in advance of a Rule 26(f) conference, which request the government opposes, stating:

**BACKGROUND**

Defendant Yury Gampel and his vascular clinics (corporate Defendants here) have been under investigation by the government since 2020. For the last three years, the government has wielded its formidable investigative powers to secure pre-litigation discovery. Some, but not all, of that discovery includes disclosures voluntarily made by Defendants during cooperative and productive pre-litigation discussions. Using documents compiled over the past three years, the government has suspended Defendants from Medicare's reimbursement program (including prohibiting any payments from Medicare *for services already provided by Defendants*), crippling the clinics and causing massive economic damage to the businesses and to Mr. Gampel personally. The suspension has reduced revenue in most "Office Based Labs" ("OBLs") to unsustainable levels, causing many OBLs to close. Those OBLs will remain closed unless or until the preliminary suspension can be lifted or meaningfully modified.

Given the ongoing economic damage inflicted upon Defendants by the Medicare suspension, the history of collaboration between the parties in the pre-litigation stage, and to advance this case in the most efficient way possible, Defendants have sought in good faith to arrive at an agreement with the government to engage in discovery limited to propounding interrogatories and requests for production of documents, despite that motions to dismiss are pending [ECF. Nos. 85 and 86]. However, the parties were unable to arrive at an agreement regarding this rather modest relief.

Unlike in most cases, the plaintiff here stands to benefit from litigating at a slow pace. The government has virtually everything it wants: (a) a preliminary suspension by Medicare; (b) all of the pre-litigation discovery that it has compiled, catalogued, and presumably digested over the past three years; and (c) no pressing economic pressure. Additionally, the Medicare suspension

continues to exact irreparable and devastating financial damage to Mr. Gampel, his companies,[1] and the hundreds of people who rely on them to support their families. There is no prejudice to the government if limited, expedited discovery is granted by this Court. By contrast, allowing the case to remain at a standstill only prejudices the Defendants, who must wait until a Rule 26(f) conference before any advancement of the case occurs. Under these circumstances, good cause exists for allowing the parties to engage in targeted discovery before conferring under Rule 26(f) as described below.

Thus, Defendants seek leave of Court to allow the parties to engage in very targeted discovery that is limited to service of Interrogatories and requests for production in advance of the Rule 26(f) conference.

**ARGUMENT**

Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). The rule makes clear, however, that this limitation can be overridden by court order. *Id.* An order permitting discovery before a Rule 26(f) conference may be issued for "good cause." *Best W. Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *3 (D. Ariz. July 25, 2006); *see also Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001) (noting that expedited discovery should be allowed upon a showing of good cause). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Breaking Glass Pictures, LLC v. Doe*, No. CV-13-00599-PHX-GMS, 2013

---

[1] Mr. Gampel's businesses, some of which have now been forced to cease operations, are or were located throughout the United States, including Arizona, California, Colorado, Florida, Indiana, Kansas, Kentucky Mississippi, Missouri, Tennessee, and Virginia. In addition, Mr. Gampel is faced with paying $10 million of business debts he personally guaranteed, which are now in default because of the government's over-reaching here.

WL 3805637, at *4 (D. Ariz. July 22, 2013) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).

"The five factors that courts typically consider when evaluating such a request are (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *J.P. Morgan Sec. LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL, 2022 WL 4094151, at *4 (D. Ariz. Sept. 7, 2022) (quotation marks omitted).

Here, the factors weigh in favor of allowing Defendants' request for expedited discovery:

**1. Whether a preliminary injunction is pending.**

As described above, based on Plaintiff's allegations alone, Medicare suspended Defendants from its reimbursement program. Although a preliminary injunction is not pending before this Court, the Medicare suspension in this case effectively enjoins the Defendants from earning money in their businesses, and the lack of discovery from Plaintiffs hinders their ability to expeditiously advance this case to the point where they may be able to lift or modify the suspension, much less, clear their names.

**2. The breadth of the discovery request.**

Defendants are seeking very targeted discovery limited to the parties serving Interrogatories and Requests for Production of Documents. We are not prematurely seeking unfettered discovery like taking depositions or serving subpoenas.

**3. The purpose for requesting the expedited discovery.**

Defendants need discovery as soon as possible to advance this case to conclusion and to understand the underlying evidentiary basis and justification for this case and the Medicare

suspension. The Medicare suspension and the allegations made in this lawsuit are causing enormous losses to Mr. Gampel personally, to the corporate Defendants, and also to hundreds of their employees and their families. There is no reason to delay the government's production of documents, already compiled over the course of a nearly three-year investigation. Allowing the parties to proceed with very targeted discovery is especially important here because many of the witnesses, documents, and other evidence are in multiple jurisdictions throughout the country and the parties will need to engage in the time-consuming and cumbersome process of scheduling doctors, patients, and other witness depositions among multiple lawyers with active trial practices. Thus, to the extent the parties can engage in advance mutual access to the relevant documents and information relied upon by each side, the quicker and more efficiently the case can be prepared for and proceed to trial.

**4. The burden on the defendants to comply with the requests**

There is no prejudice to the government in being compelled to produce documents it has already compiled. And any claim that the motions to dismiss must be decided before conducting discovery should be seen for what it is: a delay tactic.

As the Court is aware, expedited discovery is usually advanced by plaintiffs who want to quickly document and otherwise establish the elements of their claims so they can quickly resolve their case. The Rule 26(f) conference requirement usually acts as protection from overzealous plaintiffs demanding immediate discovery from defendants. Here, the opposite scenario exists: the ***Plaintiff*** is using Rule 26(f) to withhold discovery from ***Defendants***.

**5. How far in advance of the typical discovery process the request was made**

This request is being made four months after the government initiated this lawsuit and after all motions to dismiss have been filed and fully briefed. There is no reason that limited discovery cannot be conducted despite the pending motions to dismiss.

**REQUEST FOR RELIEF**

For the reasons stated herein, Defendants respectfully request that the Court enter an order allowing the parties to initiate discovery in advance of a Rule 26(f) conference, limited to serving interrogatories and production requests.

**LOCAL RULE 7.2(j) CERTIFICATION**

Undersigned counsel has conferred in good faith with the government regarding the relief requested herein. However, the parties have been unable to resolve their differences.

DATED: April 26, 2023

                                                 TEIN MALONE, PLLC

                                                 By: */s/ T. Omar Malone*
                                                       T. OMAR MALONE (*pro hac vice*)

                                               *Attorneys for Yury Gampel*

                                               GREENBERG TRAURIG, P.A.

                                               By: */s/ Jed Dwyer*
                                                       JARED E. DWYER (*pro hac vice*)

                                               *Attorneys for Corporate Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants of record.

By: /s/ T. Omar Malone
T. OMAR MALONE (*pro hac vice*)